

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

MAR 2 2 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

BRAD MEKKES,

                Plaintiff,

      v.

CHARLES NAGELLE,

             Defendants.

_____/

CIVIL ACTION NO. 04 CV 72179 DT

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE VIRGINIA M. MORGAN

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff, an inmate at the Ionia Maximum Correctional Facility, Ionia, Michigan, filed suit under 42 U.S.C. § 1983 alleging that defendant Charles Nagelle, a corrections officer, assaulted him and thereby violated his constitutional rights. The matter comes before the court on Defendant Nagelle's Motion to Dismiss for Failure to Exhaust Administrative Remedies.[1] For the reasons stated herein, the court recommends that the motion be **GRANTED**.

### II. Discussion

Defendant seeks dismissal of plaintiff's complaint pursuant to 42 U.S.C. § 1997e(a), which provides as follows:

---

[1] In defendant's motion and brief, counsel alternately spelled defendant's last name as "Negele," "Negelle," and "Nagelle." The court is thus unsure as to the actual spelling of defendant's name.

- 1 -

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted.

The exhaustion requirement of § 1997e(a) "applies to all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). The prisoner bears the burden of establishing exhaustion under § 1997e(a). Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). In order to carry that burden, the prisoner must allege that he exhausted all available administrative remedies and must either attach documentation to his complaint showing the administrative disposition of any grievances he filed or describe the administrative proceedings and the outcome thereof with specificity. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). Further, "a prisoner must administratively exhaust his or her claim as to each defendant associated with the claim." Burton v. Jones, 321 F.3d 569, 575 (6th Cir. 2003).

In order for a Michigan inmate to exhaust his administrative remedies, he must utilize the Michigan Department of Corrections' three-step grievance process. In Poor v. Grayson, 46 Fed.Appx. 825, 826, 2002 WL 31085179 *1 (6th Cir.(Mich.)),[2] the Sixth Circuit discussed this process:

> A Michigan prisoner's administrative remedies are set forth at Michigan Department of Corrections Policy Directive ("MDOC PD") No. 03.02.130 (October 11, 1999), which provides for a three-level written grievance procedure to be used after a prisoner attempts to verbally resolve an issue. At Step I, the prisoner files a

---

[2]PD No. 03.02.130 was amended after Poor v. Grayson was decided. However, the grievance process, as discussed therein, remains the same.

grievance with the Step I grievance coordinator, who assigns
someone to respond. *See* MDOC PD No. 03.02.130(T). If the
prisoner does not receive a timely response or is dissatisfied with
the response at Step I, the prisoner may file a Step II appeal with the
Step II grievance coordinator. *See id.* Likewise, if the prisoner does
not receive a timely Step II response or is dissatisfied with the
response, the inmate may file a Step III appeal with MDOC's
Prisoner Affairs Section. *See id.* A prisoner may bypass Steps I
and II and file a Step III grievance if the matter concerns "racial or
ethnic discrimination and staff brutality or corruption." *See* MDOC
PD No. 03.02.130(II). The prison's response at Steps I and II shall
be sent to the prisoner within 15 business days, unless an extension
is granted. *See* MDOC PD No. 03.02.130(CC), (FF). The entire
process from filing a Step I grievance to the Step III response shall
be completed within 90 calendar days, absent an extension. *See*
MDOC PD No. 03.02.130(V).

Plaintiff filed a prior § 1983 suit against defendant Nagelle in which he raised the same

allegations he raises in this action. Judge Edmunds dismissed the action based on plaintiff's

failure to demonstrate that he exhausted his administrative remedies. In that action, plaintiff

indicated that he did not file a Step I or Step II grievance, but that he filed a Step III grievance

pursuant to MDOC PD No. 03.02.130(II) based on the allegations that defendant Nagelle

assaulted him. Judge Edmunds noted that plaintiff neither alleged exhaustion with specificity nor

attached documents to his complaint showing exhaustion. Accordingly, Judge Edmunds

determined that plaintiff failed to satisfy the requirements of § 1997e(a).

In the matter before the court, plaintiff indicated on the cover sheet of his complaint,

contrary to the allegations he made in the prior action, that he filed a Step I grievance and that he

appealed the matter to Steps II and III. Further, plaintiff alleged in his complaint that he filed "a

grievance." There are no allegations in the complaint as to the date he filed the grievance, the

claims he raised therein, or who he filed the grievance against. Nor does plaintiff allege in the

body of the complaint whether he filed Step II and Step III appeals, or whether he proceeded directly to Step III pursuant to MDOC PD No. 03.02.130(II). The allegations of plaintiff's complaint as to the issue of exhaustion are lacking in the specificity necessary to satisfy the requirements of § 1997c(a), as interpreted by the Sixth Circuit. See, e.g., Baxter v. Rose, 305 F.3d 486, 489 (6th Cir. 2002)("A plaintiff who fails to allege exhaustion through "particularized averments" does not state a claim which relief may be granted, and his complaint must be dismissed *sua sponte*).

Plaintiff attached a number of documents to his complaint in an apparent attempt to show that he exhausted his administrative remedies. However, these documents do not demonstrate exhaustion. Among the documents plaintiff submitted are four Step I grievance forms. None of the forms bear a MDOC grievance identifier or indicate the date on which the grievances were received, and plaintiff submitted no Step I responses. This suggests that plaintiff did not, in fact, file these grievances. Even if the grievances were filed, it does not appear that plaintiff appealed any of them to Step II or Step III. On one of the grievance forms, plaintiff handwrote at the top "Emergency Step 3 sent to Lansing." Again, this grievance bears no MDOC grievance identifier and does not indicate the date on which it was received by prison officials. In addition, there is no Step III response in the record. In support of his motion, defendant Nagelle submitted the affidavit of James Armstrong, who is the Manager of the Prisoner Affairs Section of the MDOC in Lansing, Michigan. Mr. Armstrong states in the affidavit that his duties "include overseeing the collection, maintenance, and response to Step III grievances filed by prisoners." Affidavit of James Armstrong, ¶ 1. Mr. Armstrong further states that he "reviewed the records of the Prisoner

- 4 -

2:04-cv-72179-NGE-VMM Doc # 24 Filed 03/22/05 Pg 5 of 6 Pg ID 175

Affairs Section where Step III grievances are processed," and that "Plaintiff Mekkes has not filed a Step III grievance with respect to any claim raised in this case." Affidavit of James Armstrong, ¶ 10, 11. In light of Mr. Armstrong's affidavit, the lack of any indication on the grievance form that plaintiff actually filed a Step III grievance pursuant to MDOC PD No. 03.02.130(II), and the fact that plaintiff did not submit a Step III response, the court finds that the grievance bearing the notation "Emergency Step 3 sent to Lansing" is insufficient to establish exhaustion.

The court also notes that in addition to the documents discussed above, plaintiff submitted various health care requests, letters he wrote to MDOC officials regarding the alleged assault, a letter he received from the MDOC's Internal Affairs Division, and other documents.[3] As the Sixth Circuit stated in Shepard v. Wilkinson, 27 Fed.Appx. 526, 527, 2001 WL 1563934 *1 (6th Cir.(Mich.)), "[w]hile Shepard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims." The additional documents plaintiff submitted merely demonstrate his informal attempts to present his claim to MDOC officials. Accordingly, these documents have no bearing on the question of whether plaintiff exhausted his administrative remedies.

### III. Conclusion

For the reasons stated herein, the court finds that plaintiff has failed to demonstrate that he exhausted his administrative remedies prior to filing suit. Accordingly, the court recommends

---

[3]In the letter from the Internal Affairs Division, the manager of that Division informed plaintiff that the allegations he raised did not warrant an investigation and that he should file a grievance regarding the incident if he wished to pursue it further.

- 5 -

that defendant's motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated:  **MAR 2 2 2005**

- 6 -